UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA  :

    - v. -  :   STIPULATION AND ORDER

YING SUN,   :   21 Cr. 343 (SHS)

          Defendant.  :

 :

------------------------------------- x

WHEREAS, on or about May 4, 2021, YING SUN (the "Defendant"), among others, was charged in a two-count Indictment, 21 Cr. 343 (SHS) (the "Indictment"), with conspiracy to commit money laundering in violation of Title 18, United States Code, Sections 1956(h) (Count One); and conspiracy to operate an unlicensed money transmitting business in violation of Title 18, United States Code, Section 371 (Count Two);

WHEREAS, on or about June 13, 2023, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Order of Forfeiture") which imposed a forfeiture money judgment in the amount of $20,896,774 in United States currency (the "Money Judgment"); and (ii) forfeited to the United States all of the Defendant's right, title, and interest in, *inter alia*, the following specific property seized by the Government on or about July 21, 2021:

    a.     $40,993.41 held in Citibank account 42028669184 held in the name of Fangrui Cai Irrevocable Trust dated 3/12/2020 (the "-9184 Account"); and

    b.     156,599.914 shares of Mainstay Mackay Tax Free Bond A (MTBAX); 61,209.463 shares of Mainstay Mackay Short Term Municipal A (MSTAX); 181,312.311 shares of Madison Large Cap Growth Fund (MCAAX); 192,407.346 shares of Principal California Municipal Fund Class A (SRCMX); and 82,528.543 shares of Hartford Municipal Opportunities Fund Class A (HHMAX), all held in Citibank account Cl 2093214 in the name of Fangrui Cai Irrevocable Trust dated 3/12/2020 (the "Subject Shares");

WHEREAS, on or about July 31, 2023, the United States provided notice of the entry of the Order of Forfeiture to Fangrui Cai and Kai Hu (the "Petitioners"), through their counsel Michael Zweiback, Esq.;

WHEREAS, Petitioners advised the Government of their legal interest in the -9184 Account and the Subject Shares; and

WHEREAS, the Government and Petitioner have agreed to settle this matter without further litigation;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys, Jonathan Bodansky and Matthew R. Shahabian of counsel, and the Petitioners, and their counsel Michael Zweiback, Esq., that:

1. Upon entry of this Stipulation and Order, in lieu of seeking forfeiture of all, right, title and interest in the Subject Shares, the Government shall accept a payment from the Petitioners in the total amount of $6,250,000 in United States currency to be paid pursuant to the payment schedule below:

   a. On or before January 30, 2024, the Petitioners shall make a payment to the Government in the amount of $1,000,000 in United States currency in a manner to be provided by the Government to counsel for the Petitioners (the "Initial Payment");

   b. On or before June 30, 2024, the Petitioners shall make a payment to the Government in the amount of $5,250,000 in United States currency in a manner to be provided by the Government to counsel for the Petitioners (together with the Initial Payment, the "Payments");

2. Upon receipt of the Payments, any interest of the Government in the Subject Shares shall be terminated.

3. Upon receipt of the Payments, the Government shall apply the Payments towards the satisfaction of the Money Judgment, and shall promptly direct Citibank to remove any freeze or hold on the Subject Shares related to the Government's criminal action/forfeiture, including the Government's initial seizure warrant, and return the account and the Subject Shares to the control of the Petitioners.

4. Upon entry of this Stipulation and Order, the Petitioners withdraw any claim of interest in the -9184 Account and consent to the Government obtaining a final order of forfeiture for the -9184 Account that forfeits all right, title and interest in the -9184 Account, including Petitioners' interest, to the Government.

5. The United States Marshals Service is authorized to deposit the Payments into the Asset Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. In the event Petitioners fail to make the Payments, the Government is permitted to proceed with the forfeiture of the Subject Shares.

7. The terms of this Stipulation and Order shall be subject to approval by the Court.

8. The Government and Defendant hereby agree to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order.

9. Each party shall bear its own costs and fees, including attorney's fees.

10. This Court will have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

[REMAINDER OF PAGE LEFT INTIONALLY BLANK]

3. Upon receipt of the Payments, the Government shall apply the Payments towards the satisfaction of the Money Judgment, and shall promptly direct Citibank to remove any freeze or hold on the Subject Shares related to the Government's criminal action/forfeiture, including the Government's initial seizure warrant, and return the account and the Subject Shares to the control of the Petitioners.

4. Upon entry of this Stipulation and Order, the Petitioners withdraw any claim of interest in the -9184 Account and consent to the Government obtaining a final order of forfeiture for the -9184 Account that forfeits all right, title and interest in the -9184 Account, including Petitioners' interest, to the Government.

5. The United States Marshals Service is authorized to deposit the Payments into the Asset Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. In the event Petitioners fail to make the Payments, the Government is permitted to proceed with the forfeiture of the Subject Shares.

7. The terms of this Stipulation and Order shall be subject to approval by the Court.

8. The Government and Defendant hereby agree to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order.

9. Each party shall bear its own costs and fees, including attorney's fees.

10. This Court will have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

[REMAINDER OF PAGE LEFT INTIONALLY BLANK]

11. The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____/s/_____   12/15/23
JONATHAN BODANSKY   DATE
MATTHEW R. SHAHABIAN
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2385/1046

FANGRUI CAI

By: _____Fangrui Cai_____   12/20/2023
Fangrui Cai   DATE

KAI HU

By: _____Kai Hu_____   12/20/2023
Kai Hu   DATE

By: _____Michael Zweiback_____   12/21/2023
MICHAEL ZWEIBACK, ESQ.   DATE
Attorney for Petitioners
315 W. 9th Street, Suite 1200
Los Angeles, CA 90015
213.266.5171

SO ORDERED:

_____   12/22/2023
HONORABLE SIDNEY H. STEIN   DATE
UNITED STATES DISTRICT JUDGE