UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES,<br><br>                    -against-<br><br>YING SUN,<br><br>                              Defendant.<br><br>―――――――――――――――<br><br>ADRIANA JONES, et al.,<br><br>                              Petitioners. | 21-CR-343 (SHS)<br><br>OPINION & ORDER |

SIDNEY H. STEIN, U.S. District Judge.

This ancillary petition has been brought by Adriana Jones and fifty-six other individuals challenging the Consent Preliminary Forfeiture Order entered in the underlying criminal action, *United States v. Ying Sun*. The petition is dismissed on the ground that petitioners lack Article III standing to bring the petition and the Court therefore lacks subject matter jurisdiction to hear it.

## I.  BACKGROUND

In 2021, Ying Sun and six others were indicted for conspiracy to commit money laundering (18 U.S.C. § 1956(h)) and conspiracy to operate an unlicensed money transmitting business (18 U.S.C. § 371) for conduct occurring from November 2019 through May 2021. (ECF No. 1.) Law enforcement officers observed defendants coordinating pickups and drop-offs of more than $20 million of laundered money for a network of drug trafficking organizations across twenty-three states. (Presentence Investigation Report, ECF No. 213 at 1.)

On the same day that Sun pled guilty to money laundering in June 2023, the Court entered a Consent Preliminary Forfeiture Order (the "PFO") (ECF Nos. 221, 222), which (i) imposed a forfeiture judgment against Sun of $20.9 million, representing the money involved in the money laundering scheme, and (ii) forfeited Sun's interest in both the "Indictment Property"[1] and $40,993 held in the name of "Fangrui Cai Irrevocable Trust

---

[1] The Indictment Property consists of five different amounts of United States currency seized from various locations in New York and New Jersey. (ECF No. 221 at 1-2.)

dated 3/12/2020" (together, the "Forfeiture Assets"). The Forfeiture Assets total $3.3 million and are currently held by the U.S. Marshals Service.

Pursuant to 21 U.S.C. § 853(n), any person asserting a legal interest in property that has been forfeited to the United States may "petition the court for a hearing to adjudicate the validity of his interests in the property." Federal Rule of Criminal Procedure 32.2(c) sets forth the procedure for the ancillary hearing.

Three sets of petitioners have brought ancillary proceedings claiming an interest in the property to be forfeited pursuant to the PFO. One set of petitioners—Fangrui Cai and Kai Hu—entered a Stipulation with the government pursuant to which the government released its interest in the securities held in the Fangrui Cai Irrevocable Trust dated 3/12/2020 and Citibank was directed to remove the freeze on that account. (ECF No. 263.) The second set of petitioners—Ying Yan Yu, Li Hua Zhao, and Arrival Enterprises, a corporation wholly owned by Li Hua Zhao—has filed petitions asserting their interests in amounts totaling $3,281,459. (ECF Nos. 298, 299, 300.) Those petitions are presently proceeding with fact discovery. (*See* ECF No. 334.)

The instant petition was submitted by a third set of petitioners—Adriana Jones and fifty-six others—whose family members were victims of an attack by the Juárez Cartel. According to the petition, "[o]n November 4, 2019, members of the Juárez Cartel and its violent armed wing, La Línea, ambushed three women and fourteen children, murdering six of the children and their mothers and injuring the other eight children in Sonora, Mexico. All of the ambushed victims are United States citizens." (ECF No. 265-1.) The fifty-seven petitioners brought suit in the federal court in the District of North Dakota under the Federal Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(a), and, on June 24, 2022, a default judgment in favor of the petitioners was entered against the Juárez Cartel for violating the ATA in the sum of $4,641,337,001. *See Miller v. Cartel*, No. 20-cv-00132, 2022 WL 2286952 (D.N.D. June 24, 2022).

Petitioners now proceed in two separate actions. In the first action, an ancillary petition in this matter—*United States v. Ying Sun*, No. 21-cr-343-SHS (S.D.N.Y.)— petitioners filed a section 853(n) petition in September 2023 and later amended it. (ECF Nos. 239, 265.) The government subsequently moved to dismiss the amended petition (ECF No. 297), and the Court heard oral argument on that motion in May 2025. (ECF No. 333.)

In the second action—*Miller v. Juarez Cartel*, No. 23-mc-343-VEC (S.D.N.Y.) ("*Miller*")—petitioners moved for a writ of attachment against the assets of the *Ying Sun* defendants on the grounds that they constituted an agency or instrumentality of the Juárez Cartel. (*Miller*, ECF Nos. 1, 3.) Judge Valerie Caproni, before whom that proceeding was brought, denied the motion. (*Miller*, ECF Nos. 4, 6.) Judge Caproni then

stayed the proceedings pending the resolution of this proceeding, and the petitioners in *Miller* have moved to lift that stay. (*Miller*, ECF Nos. 7, 13, 25.)

The petitioners in this proceeding maintain that they possess an interest in the Forfeiture Assets by operation of the Terrorism Risk Insurance Act ("TRIA"), 28 U.S.C. § 1610 note, and certain statutes and executive orders that circumscribe possessing and transacting statutorily "blocked" assets. (*See* ECF No. 309 at 16-20.) Petitioners allege that they possess constitutional and statutory standing to proceed based on that interest. (*See id.* at 22-24.)

## II.    DISCUSSION

The Court may dismiss a petition brought pursuant to 21 U.S.C. § 853(n) "for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). "In general, '[i]n order to contest a governmental forfeiture action, claimants must have both standing under the statute or statutes governing their claims and standing under Article III of the Constitution as required for any action brought in federal court.'" *United States v. Technodyne LLC,* 753 F.3d 368, 380 (2d Cir. 2014) (quoting *United States v. Cambio Exacto, S.A.,* 166 F.3d 522, 526 (2d Cir. 1999)); *United States v. Rahmankulov,* No. 20-cr-653, 2024 WL 68419, at *2 (S.D.N.Y. Jan. 5, 2024). Article III standing "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin,* 422 U.S. 490, 498 (1975). The "proper procedural route" for reviewing a motion to dismiss for lack of standing is Fed. R. Civ. P. 12(b)(1). *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). In the Rule 12(b)(1) context, petitioners bear the burden of proving the court's jurisdiction by a preponderance of the evidence. *Id.* The court is required to resolve the Article III standing question before reviewing the merits of the case. *See All. for Env't Renewal, Inc. v. Pyramid Crossgates Co.,* 436 F.3d 82, 85-87 (2d Cir. 2006); *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 92 (1998).

To possess Article III standing, petitioners "must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 125 (2014) (quoting *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992)); *see also Rahmankulov,* 2024 WL 68419, at *2. Although courts have analyzed constitutionally cognizable injuries in this context on the basis of "ownership or possessory interest in the seized property," the "heart of the standing question" is always the petitioners' injury. *See United States v. Timley,* 507 F.3d 1125, 1129 (8th Cir. 2007); *Cambio Exacto, S.A.,* 166 F.3d at 527.

Petitioners here lack Article III standing to proceed with this ancillary proceeding because they possess no present legal interest in the forfeiture assets and have not

otherwise alleged a cognizable injury. Rather than possessing an interest in the forfeiture property, as they maintain they do, in fact they merely possess an unexecuted judgment against the Juárez Cartel. (ECF No. 265, Ex. B.) That judgment does not confer on the Jones petitioners a present interest in the forfeiture property, and they have failed to explain otherwise how an unexecuted judgment against a party not before the Court is sufficient to establish a cognizable injury. *Cf. In re 650 Fifth Ave. & Related Props.*, 581 F. App'x 61, 62 (2d Cir. 2014) ("[A] party that holds no more than a claim against the owner or possessor lacks standing to challenge a property forfeiture." (citing *Cambio Exacto, S.A.*, 166 F.3d at 527)).

Petitioners' theory—that "TRIA § 201(a) provides them a specific and particularized interest in these funds" (ECF No. 309 at 24-25)—is unfounded. TRIA allows petitioners to attach their judgment to property of certain designated parties; but absent execution or attachment, it does not confer an interest. *See Smith ex rel. Est. of Smith v. Fed. Rsrv. Bank of New York*, 346 F.3d 264, 270-71 (2d Cir. 2003). Nor does "deprivation of that interest by the Government's actions [cause] a concrete and imminent injury to the judgment-holder Petitioners." (ECF No. 309 at 24-25.) Because petitioners do not possess a legal interest, denying them recovery does not constitute a cognizable injury. *See In re 650 Fifth Ave. & Related Props.*, 581 F. App'x at 62. An unattached judgment is all that petitioners possess.

Moreover, the government's interest in the forfeiture property fully vested upon the commission of the underlying crimes in the *Ying Sun* matter. *See* 21 U.S.C. § 853(c) ("All right, title, and interest in [property subject to criminal forfeiture] vests in the United States upon the commission of the act giving rise to forfeiture under this section"); *see United States v. Watts*, 786 F.3d 152, 166 (2d Cir. 2015). Therefore, petitioners lack any ownership or interest in the forfeiture property, and absent jurisdiction to hear this case, the Court must grant the government's motion to dismiss the petition. *See* Fed. R. Crim. P. 32.2(c)(1)(A).

Petitioners identify no avenue that would alter this conclusion. Their lack of Article III standing forecloses them from attaching their judgment to the forfeiture assets here. *See* 21 U.S.C. § 853(n). And 21 U.S.C. § 853(k) equally forecloses them from attaching their judgment to the forfeiture assets in an alternative proceeding, including the related *Miller* proceeding. *See Watts*, 786 F.3d at 175 ("We have consistently interpreted § 853(k) to mean that an ancillary proceeding under § 853(n) is 'the only avenue for a post-indictment third-party claim to forfeited property' under the criminal forfeiture statute." (quoting *De Almeida v. United States*, 459 F.3d 377, 381 (2d Cir. 2006)).

Petitioners suggest that the "notwithstanding" clause of TRIA overwrites this framework.[2] (*Miller*, ECF No. 26 at 7-8; *id.*, ECF No. 29 at 2.) However, TRIA does not "cover[] the entire field and nullif[y] all previous statutes that pertain to blocked assets." *Smith v. Fed. Rsrv. Bank of New York*, 280 F. Supp. 2d 314 (S.D.N.Y.), *aff'd sub nom. Smith ex rel. Est. of Smith v. Fed. Rsrv. Bank of New York*, 346 F.3d 264 (2d Cir. 2003). The "notwithstanding" clause only operates "when some 'other provision of law' conflicts with the TRIA." *Smith*, 346 F.3d at 271. As other circuit courts have concluded, TRIA does not conflict with section 853. *See, e.g., United States v. Holy Land Found. for Relief & Dev.*, 722 F.3d 677, 687-88 (5th Cir. 2013) ("[Section] 853 does not conflict with § 201 of the TRIA.") Petitioners may, pursuant to TRIA, execute or attach their judgment to blocked assets of the terrorist entities identified in that judgment which are otherwise subject to attachment. 28 U.S.C. § 1610 note. But TRIA does not "guarantee that any blocked assets will in fact be available when a particular victim seeks to execute on a judgment," *Smith*, 346 F.3d at 271, and TRIA does not guarantee that petitioners can attach their judgment here. Their inability to do so does not establish a conflict between the statutes, and absent a conflict, petitioners cannot proceed in this action or in *Miller*.

---

[2] That provision reads:

> (a) In General.—Notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605A or 1605(a)(7) (as such section was in effect on January 27, 2008) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

28 U.S.C. § 1610 note.

Accordingly, the government's motion to dismiss the Jones petitioners' section 853(n) petition (ECF No. 297) is granted for lack of Article III standing; the *Miller* petitioners' Motion to Lift the Stay of Plaintiffs' On Notice Motion for Attachment is denied (*Miller* ECF No. 25); the *Miller* petitioners' Motion for Attachment On Notice Order of Attachment is denied (*Miller* ECF No. 6); and the Clerk of Court is directed to close the *Miller* proceeding, 23-mc-343.

Dated: New York, New York
      June 5, 2025

SO ORDERED:

Sidney H. Stein, U.S.D.J.