UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
                             :

UNITED STATES OF AMERICA

                         :  **STIPULATION AND ORDER**
        - v. -

                         :  21 Cr. 343 (SHS)

YING SUN,

                         :

                 Defendant.    :

------------------------------------ x


                         :

YING YU YAN, LI HUA ZHAO, and
ARRIVAL ENTERPRISE INC.,          :

                 Petitioners.   :

------------------------------------ x

WHEREAS, on or about June 13, 2023, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (D.E. 221) (the "Preliminary Order of Forfeiture"), which forfeited to the United States, all right, title and interest of the defendant, YING SUN, in, *inter alia*, the following property:

    a. $153,731 in United States currency seized from inside 144-20 38th Avenue, Queens, New York on or about April 10, 2020;

    b. $60,000 in United States currency seized from an individual in front of 144-20 38th Avenue, Queens, New York on or about April 10, 2020;

    c. $300,020 in United States currency seized from an individual at the intersection of Bowne Street and Roosevelt Avenue in Queens, New York on or about April 10, 2020;

    d. $2,726,075 in United States currency seized inside 461 Southard Street, Trenton, New Jersey on or about April 16, 2020; and

    e. $41,633 in United States currency seized inside 461 Southard Street, Trenton, New Jersey on or about April 16, 2020;

1

(a through e., collectively, the "Subject Property");

WHEREAS, on or about March 14, 2024, Arrival Enterprise Inc. ("Arrival") filed a Petition asserting an interest in $3,221,459 of the Subject Property (the "Arrival Petition") (D.E. 298);

WHEREAS, on or about March 14, 2024, Li Hua Zhao ("Zhao") filed a petition asserting an interest in $30,000 of the Subject Property (the "Zhao Petition") (D.E. 299);

WHEREAS, on or about March 14, 2024, Ying Yu Yan ("Yan", together with Zhao and Arrival, the "Petitioners") filed a petition asserting an interest in $30,000 of the Subject Property (the "Yan Petition") (D.E. 300);

WHEREAS, the Government and the Petitioners have agreed, in order to avoid litigation, to resolve their interests in in the Subject Property on the terms and conditions set forth below;

IT IS HEREBY STIPULATED AND AGREED, by and between Jay Clayton, United States Attorney for the Southern District of New York, by and through Assistant United States Attorneys Mostafa Khairy and Matthew Shahabian, of counsel, and the Petitioners, by and through their counsel, Renee M. Wong, Esq. that:

1. The Government hereby recognizes Zhao's interest in 17.5% of her claimed interest in $30,000 of the Subject Property, specifically $5,250 (the "Zhao's Share"), and hereby disclaims any right, title, and interest in Zhao's Share.

2. The Government hereby recognizes Yan's interest in 17.5% of her claimed interest in $30,000 of the Subject Property, specifically $5,250 (the "Yan's Share"), and hereby disclaims any right, title, and interest in Yan's Share.

2

3.    The Government hereby recognizes Arrival's interest in 17.5% of its claimed interest in $3,221,459 of the Subject Property, specifically $563,755.33 in United States currency (the "Arrival's Share"), and hereby disclaims any right, title, and interest in Arrival's Share.

4.    Upon entry of this Stipulation and Order, the Government shall transfer Zhao's Share, Yan's Share, and Arrival's Share to the Petitioners in a manner consistent with the United States Marshals Service ("USMS") Vendor Request Form to be completed by counsel for Petitioners.

5.    Upon entry of this Stipulation and Order, the Petitioners withdraw the Arrival Petition, Zhao Petition, and the Yan Petition with respect to the remaining 82.5% of the Subject Property, specifically, $2,707,203.67 in United States currency (the "Government's Share") and the Petitioners will not contest the Government's forfeiture of the Government's Share and agrees that they will not file any further claim or a petition for remission or mitigation or otherwise contest the forfeiture of the Government's Share.

6.    Zhao represents that she is the sole owner of the Zhao Share, Yan represents that she is the sole owner of the Yan Share, and Arrival represents that it is the sole owner of the Arrival Share. Petitioners agree to hold harmless the Drug Enforcement Administration ("DEA"), the Department of Justice ("DOJ"), the USMS, and the United States Attorney's Office, Southern District of New York ("USAO-SDNY"), as well as any and all employees, officers, and agents of the DEA, the DOJ, the USMS, and the USAO-SDNY, from any and all claims in connection with or arising out of the seizure, restraint, and/or constructive possession of the Zhao Share, Yan Share, and Arrival Share including, but not limited to, any third-party claims of ownership of the Zhao Share, Yan Share and Arrival Share.

7.    The Government's agreement to this Stipulation and Order is expressly premised upon the truthfulness, accuracy, and completeness in every material part of the representations made by Petitioners and their counsel.

8.    Petitioners are hereby barred from asserting, or assisting others in asserting, any claim against the DEA, DOJ, USMS, USAO-SDNY or agents and employees of the USAO-SDNY, the DOJ, DEA, and the USMS in connection with the seizure and/or possession of the Subject Property including but not limited to any claim that there was no probable cause to seize and hold the Subject Property, or for costs or attorney's fees.

9.    This Stipulation and Order constitutes the complete agreement between the parties hereto on the matters contained herein, and no other statement, promise or agreement, either written or oral, made by either party or agents of either party, that is not contained in this written Stipulation and Order shall be enforceable. Any modifications to this agreement shall be in writing signed by the parties.

10.    The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order.

11.    Each party to this Stipulation and Order shall bear its own costs and attorney's fees.   No attorney's fees associated with this settlement shall be authorized.

12.    The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

4

13.    The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument. Signature pages may be by fax or scanned and such signatures shall be deemed as valid originals.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____

Mostafa Khairy
Matthew Shahabian
Assistant United States Attorneys
26 Federal Plaza
New York, NY 10278
(212) 637-1041 / 2406

12/08/25
DATE

LI HUA ZHAO

By: _____

Li Hua Zhao

12/5/25
DATE

By: _____

Renee M. Wong, Esq.
Goldberger & Dubin, P.C.
401 Broadway, Suite 306
New York, NY 10013

12/8/25
DATE

[SIGNATURES CONTINUE OF FOLLOWING PAGE]

5

YING YU YAN

By: _____
Ying Yu Yan

12/5/25
DATE

By: _____
Renee M. Wong, Esq.
Goldberger & Dubin, P.C.
401 Broadway, Suite 306
New York, NY 10013

12/8/25
DATE

ARRIVAL ENTERPRISE INC.

By: _____
Arrival Enterprise Inc.

12/5/25
DATE

By: _____
Renee M. Wong, Esq.
Goldberger & Dubin, P.C.
401 Broadway, Suite 306
New York, NY 10013

12/8/25
DATE

The hearing scheduled for December 29, 2025 is cancelled.

SO ORDERED:

_____
HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

12/8/2025
DATE

6