UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- X
                        :

UNITED STATES OF AMERICA         :    **FINAL ORDER OF**
                              :    **FORFEITURE**
        -v.-                 :
                              :    21 Cr. 343 (SHS)

YING SUN,                    :

        Defendant.         :

---------------------------------- X

WHEREAS, on or about June 13, 2023, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 221), which forfeited to the United States, all right, title and interest of the defendant, YING SUN in the following property:

a.    $153,731 in United States currency seized from inside 144-20 38th Avenue, Queens, New York on or about April 10, 2020;

b.    $60,000 in United States currency seized from an individual in front of 144-20 38th Avenue, Queens, New York on or about April 10, 2020;

c.    $300,020 in United States currency seized from an individual at the intersection of Bowne Street and Roosevelt Avenue in Queens, New York on or about April 10, 2020;

d.    $2,726,075 in United States currency seized inside 461 Southard Street, Trenton, New Jersey on or about April 16, 2020;

e.    $41,633 in United States currency seized inside 461 Southard Street, Trenton, New Jersey on or about April 16, 2020;

f.    $40,993.41 held in Citibank account 42028669184 held in the name of Fangrui Cai Irrevocable Trust dated 3/12/2020 (the "Seized Account"); and

g.    156,599.914 shares of Mainstay Mackay Tax Free Bond A (MTBAX); 61,209.463 shares of Mainstay Mackay Short Term Municipal A (MSTAX); 181,312.311 shares of Madison Large Cap Growth Fund (MCAAX); 192,407.346 shares of Principal

California Municipal Fund Class A (SRCMX); and 82,528.543 shares of Hartford Municipal Opportunities Fund Class A in the name of Fangrui Cai Irrevocable Trust dated 3/12/2020 (the "Subject Shares");

(a. through e., collectively, the "Subject Property"; a. through g., collectively, the "Specific Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on September 19, 2023, for thirty (30) consecutive days, through October 18, 2023, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on March 16, 2026 (D.E. 370);

2

WHERAS, on or about September 6, 2023, Adriana Jones, on behalf of forty-six other individuals (together, the "Petitioners-1"), filed a petition asserting interest in the Subject Shares (D.E. 234);

WHEREAS, on or about September 6, 2023, Fangrui Cai and Kai Hu (together, the "Petitioners-2") filed a petition asserting interest in Seized Account and the Subject Shares (D.E. 239);

WHEREAS, on or about December 22, 2023, the Court entered a Stipulation and Order (the "Stipulation-1") wherein the Government agreed to accept a payment in the total amount of $6,250,000 in United States currency from Petitioners-2 (the "Payment") in lieu of seeking a Final Order of Forfeiture of the Subject Shares and Petitioners-2 disclaimed any interest in the Seized Account;

WHEREAS, following the entry of the Stipulation-1, the Government received the Payment;

WHEREAS, On or about December 29, 2023, Petitioners-1 re-filed an Amended Omnibus petition for all (56) fifty-six individuals for the furtherance of judicial efficiency (D.E 265);

WHEREAS, on or about March 14, 2024, Arrival Enterprise Inc, ("Arrival") filed a petition asserting an interest in $3,221,459 of the Subject Property (the "Arrival Petition") (D.E. 298);

WHEREAS, on or about March 14, 2024, Li Hua Zhao ("Zhao") filed a petition asserting an interest in $30,000 of the Subject Property (the "Zhao Petition") (D.E. 299);

3

WHEREAS, on or about March 14, 2024, Ying Yu Yan ("Yan") filed a petition asserting an interest in $30,000 of the Subject Property (together with Arrival and Zhao, the "Petitioners-3") (D.E. 300);

WHEREAS, on or about June 5, 2025, the Court dismissed the Omnibus Petition for lack of standing (D.E 336);

WHEREAS, on or about December 8, 2025, the Court entered a Stipulation and Order (the "Stipulation-2") wherein the Government agreed to (i) return $5,250 in United States currency of the Subject Property to Zhao (the "Zhao Share"); (ii) return $5,250 in United States currency of the Subject Property to Yan (the "Yan Share"); (iii) return $563,755.33 in United States currency to Arrival (together with the Zhao Share and Yan Share, the "Returned Funds") and the Petitioners-3 disclaimed any interest in the remaining 82.5% of the Subject Property, specifically, $2,707,203.67 in United States currency (together with the Seized Account, the "Forfeited Property");

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no outstanding petitions or claims to contest the forfeiture of the Forfeited Property have been filed;

WHEREAS, the Defendant, the Petitioners-1, -2, and -3 are the only individuals and/or entities known by the Government to have a potential interest the Forfeited Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

4

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      All right, title and interest in the Forfeited Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.      Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Forfeited Property.

3.      The United States Marshals Service (or its designee) shall take possession of the Forfeited Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
_____March 17____, 2026

SO ORDERED:

_____
HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE